IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISRAEL SANTOS-VELAZQUEZ, JOSE M. DEL-VALLE-LANDRON, LUIS ROSARIO-RODRIGUEZ, ADA I. CRUZ-RIVERA, ALEJANDRO SANCHEZ-VAZQUEZ, ALFREDO ALEQUIN-TORRES, ANASTASIO RUIZ-TORRES, ANDREA LEBRON-RUIZ, ANDRES MARTINEZ-PINTOR, ANGEL DIAZ-AGOSTO, ANGEL L. DELGADO, ANGEL L. RAMOS-ROMAN, ANGEL R. RUIZ-GARCIA, ANGEL. L. RUIZ-VEGA, ANGEL L. VAZQUEZ-ELIZA, ANTONIO RODRIGUEZ-MEDINA, CARLOS R. MARTINEZ-DIAZ, CARMEN D. RODRIGUEZ-TORRES, DAVID BATISTA-TAVERAS, DIONISIO SANTANA-DIAZ, DOMINGO ANDUJAR-VELEZ, EDDIE RIVERA-LOPEZ, EDGARDO GUTIERREZ-MARTINEZ, EDWARD LOPEZ-ROSADO, ENEIDA MARTINEZ-RODRIGUEZ, ENID ROSA-RODRIGUEZ, ENRIQUE E. CARRASQUILLO-ENCARNACION, ERIC D. ORTIZ-INFANTE, EVELYN MATEO-SANTIAGO, FELIX FANTAUZZI-LEBRON, FELIX M. BAEZ-DIAZ, FELIX M. FIGUEROA-RIVERA, FELIX TORRES-RODRIGUEZ, GILBERTO DIAZ-CACERES, GILBERTO VAZQUEZ-CRUZ, GONZALO HERNANDEZ-ALVERIO, GUILLERMO GARCIA-TEXEIRA, HECTOR I. DEL MORAL-SUAREZ, HECTOR J. ROSARIO-MERCADO, HENRY VAZQUEZ-RODRIGUEZ, HIPOLITO PEREZ-MARTINEZ, ISMAEL MARTINEZ-RODRIGUEZ, ISMAEL ROBERTO CUADRADO, ISRAEL RAMOS-PAGAN, JESUS E. FUENTES-MORALES, JESUS FLECHA DE JESUS, et al <br><br>Plaintiffs <br><br>vs <br><br>SUNOCO, INC.; PUERTO RICO SUN OIL COMPANY, INSURERS A, B & C, JOHN AND JANE DOE <br><br>**Defendants** | CIVIL 03-2365CCC |

CIVIL 03-2365CCC                                  2

# O R D E R

Before the Court is the Joint Motion Requesting Ruling on the Taxable Nature of the Settlement Amount filed jointly by the parties on August 1, 2006 (docket entry 155). The parties inform in their motion that, after having reached a settlement, some of the plaintiffs demanded payment of their settlement awards on a non-taxable basis and that although defendants tried to structure the settlement to accommodate their demand, it was impeded to do so under the provisions of the Puerto Rico Internal Revenue Code (Code). The parties, thus, request the Court to make a determination that a settlement has indeed been reached with all the plaintiffs, and that the amounts to be awarded under the settlement to each one of them is subject to income tax withholding under the provisions of the Code.

In addressing this matter, we start by noting that this is an action brought originally by one hundred sixteen (116) former employees of Puerto Rico Sun Oil Company under the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq., seeking recovery of benefits to which they were allegedly entitled under an involuntary termination program and severance plan offered by the defendant employers. Throughout the litigation, the parties engaged in settlement negotiations with the assistance of the Court, which held six (6) settlement conferences. See docket entries 59, 70, 78, 125, 138 & 145. Eventually, the parties agreed on a settlement amount (see docket entry 147), but the final settlement papers have not been filed with the Court given that a small number of plaintiffs believe that their award should not be subject to taxation.

The Code is crystal-clear on this matter. Its section 1142, 13 L.P.R.A. § 8542, provides:

> (a) Indemnification payments received in judicial and extrajudicial proceedings that constitute taxable income for purposes of this Part.-
>
> Every employer, insurance company or any other person obliged to make indemnification payments under a court order or extrajudicial claim, shall be required to withhold seven percent (7%) of the amount of those payments made

CIVIL 03-2365CCC                                    3

>   which constitute taxable income for purposes of this Part. For purposes of this section, taxable income includes, among others, the following items:
>
>   (1) Any compensation portion representing or substituting loss of income or salaries, including lost profits.
>
>   (2) Indemnification for lost salaries in the case of destitution or suspension from employment and salary, or for illegal firing.
>   .....

Given this express provision of the Code, the Court would not approve a settlement stipulation in this case that intended to disguise the real nature of plaintiffs' causes of action in order to avoid the payment of taxes on the settlement amount. After all, plaintiffs' claims are brought under ERISA and founded on a termination/severance benefits plan, and cannot be passed of as tort claims resulting in compensatory damages not subject to taxation. The very nature of the claims, <u>i.e.</u> compensation for lost income, is pellucid from the face of the complaint and the unescapable consequence is that, upon settlement of the claims, defendants are compelled to withhold seven percent (7%) of the amount of the settlement payments and remit it to the Department of the Treasury. Therefore, any settlement stipulation in this case must comply with the provisions of the Code in order to be approved by the Court.

Accordingly, the Joint Motion Requesting Ruling on the Taxable Nature of the Settlement Amount (docket entry 155) is GRANTED. Under 13 L.P.R.A. § 8542, the compensation that plaintiffs will receive from defendants in settlement of their claims constitutes taxable income. It would be plainly illegal to stipulate otherwise, as a minority of the plaintiffs would like to do. Thus, the parties' settlement stipulation, in full compliance with the requirements of 13 L.P.R.A. § 8542, shall be filed by AUGUST 28, 2006.

SO ORDERED.

At San Juan, Puerto Rico, on August 7, 2006.

                                                    S/CARMEN CONSUELO CEREZO

CIVIL 03-2365CCC                                4

                                        United States District Judge

CIVIL 03-2365CCC                                4